## Cimorelli v. Deger

*Thomas P. Hamilton, Jr.,* for plaintiff.
*Edward J. Carney, Jr.,* for defendant.

BLOOM, J., April 24, 1968—This case comes before the court on defendant's motions for new trial or judgment n. o. v. The matter has been submitted to the court en banc and is now ripe for disposition. . . .

The second ground raised by defendant in support of his Motions is that the trial court erred in his refusal to charge with regard to the effect of double yellow lines. In his brief, defendant's counsel submits the following contention:

"In a complete abandonment of his responsibilities in this case, the trial judge left to the jury the issue of the legal effect of these lines".

Such a contention, if true, is very serious indeed, and it is for this reason that the court has carefully reviewed the actions of the trial judge in this respect.

The conclusion of that review is that the trial judge did not abandon his responsibilities and, in fact, fulfilled them fully, properly and in accordance with the law of the Commonwealth. It is true that during the trial of this matter, there was repeated reference to certain double yellow lines which divided the highway upon which the accident involved occurred. It is also true that during closing argument plaintiff argued to the jury that the yellow lines prohibited passing and that, as such, on the basis of the evidence, defendant was negligent per se. It is also true that defendant argued (here quoting from defendant's brief) that "these yellow lines are of no effect and do not prohibit passing". Both arguments were improper under the circumstances for the reasons hereinafter set forth.

Counsel for defendant submitted three points for charge, which were refused by the trial judge and are asserted as the primary basis of error in this respect, and the basis for counsel's charge that the trial judge completely abandoned his responsibilities: "10. I charge you that it is not illegal or improper for a motorist to cross a double yellow line and proceed to pass a vehicle going in the same direction that he is so long as the conditions set forth in Section 1008(a) and (b) have been met. It is for you, ladies and gentlemen of the jury to determine whether the Defendant, Deger, had sufficient visibility at the time he made his pass and whether the highway was clear and whether such pass was made in accordance with Section 1008 of the Motor Vehicle Code based upon the evidence that you have heard in this case".

The point of charge as submitted is incorrect, and not in accordance with the law of the case. The court refused the point on the basis that the matter had been sufficiently covered in the charge. We find, after review of the charge, that this is correct. The per-

tinent part of the charge appears on page 25 and the following:

"Now, Members of the Jury, both counsel have argued to you in their causes certain principles of law. Now, it is the Court's responsibility to give you the law. Listen to what counsel may have said, but the Court is charged with that responsibility.

"Now, what does the Statute of Pennsylvania say about driving upon our highways in circumstances that may relate to the facts in this case. First, it says, among the provisions of the Statute, upon all highways of sufficient width, except upon one-way streets, the driver of a vehicle shall drive the same upon the right half of the highway, and shall drive as closely as possible to the right-hand edge or curb of such highway, unless it is impracticable to travel on such side of the highway, or unless proper authorities have designated a different part of the highway as the proper lane of travel, and except when overtaking and passing another vehicle, subject to the limitations applicable in overtaking and passing set forth in this act. So that is the first general principle to drive on the right-hand side of the road, with the exceptions that I have just read to you.

"Now the Statute of Pennsylvania also says this, that the driver of a vehicle entering a highway from a private road or drive shall yield the right of way to all vehicles approaching on such highway. Of course, that means what it says. It does not mean because you are in a private road you can never get out because of other cars. It says, it is a question of yielding. The person who is coming out of the private driveway must yield to those approaching on that highway.

"Now, there is another factor that all parties agree upon and that is there was an overtaking. The Defendant himself, Deger, says that there was another machine going in the same direction and he says, I was

overtaking it. I was passing it. So the next question in front of you is, what is the law. Are you allowed to pass a car going in the same direction on a two-lane highway? Now, the law of Pennsylvania has provided that the driver of any vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left thereof, and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle. Now, that is the law as to overtaking—shall pass at a safe distance to the left thereof.

"Now, what else does the law say with reference to a driver's responsibility in passing or overtaking another car. The law says this and I read you from the Statute, a driver of a vehicle shall not drive to the left side of the center of the highway in overtaking or passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of on-coming traffic for a sufficient distance ahead to permit such overtaking and passing to remain in safety. So, there is, as you see, some responsibility on all users of the highway that they are required to meet before overtaking and passing another car".

Defendant would have the court charge in point no. 10 that it is not illegal or improper for a motorist to cross a double yellow line and proceed to pass a vehicle going in the same direction. This is not so, not the law, and in any case, not relevant to the issues left for decision by the jury for the reason set forth in discussing defendant's submitted point for charge no. 11.

Defendant's submitted point for charge no. 11 reads as follows:

"I charge you that you are to completely disregard the double yellow lines which have been testified to in arriving at your conclusion in this case. The Vehicle Code does not require that the center line of highways be marked by lines of any type and the absence or

presence of center line markings of any type is not a determining factor in this case. The case of Rupp Automobile License Case, 13 Bucks 150 (1964)".

In denying this requested point for charge, the trial judge commented as follows:

"I have already explained to the Jury the pertinent Sections of the Motor Vehicle Code that is (sic) applicable to this case and, therefore, the court denies your Point No. 11 because all the law regarding the right of way and rights of passing have been fully covered by the court".

The point for charge as submitted is technically accurate, but by reason of the circumstances of the case would have been extremely misleading. The jury could not disregard the double yellow lines, for there is no disagreement that the double yellow lines marked the center line of the highway. The court, as previously noted, carefully instructed the jury that they were to take the law as given to them in the charge. The primary problem and the source of confusion arises out of the contention of plaintiff that the presence of the double yellow lines was to be considered in determining negligence of defendant. This would be so, if the regulations concerning the double yellow lines, in effect at the time of the accident, had been properly proved. Such was not the case. No proof was offered during trial of the regulations in force respecting highway markings. The sole question was whether the trial judge was obliged under the circumstances to take judicial notice of the existence of a regulation with regard to highway markings promulgated by appropriate State agencies, or whether, in the absence of proper proof, the issue of yellow lines was to be excluded from the case. The trial judge quite evidently concluded that the latter was the proper course. The court en banc agrees with that conclusion. The question of the propriety of taking judicial notice of ad-

ministrative regulations is a complex one indeed. There is no question that the number and importance of administrative regulations and their impact upon both civil and criminal litigation has given rise to great difficulties for trial courts in their evidentiary rulings. By statute, trial courts are obliged to take judicial notice of certain legislative enactments of the State and municipal governments of this Commonwealth, as well as judicial notice of legislative acts of other States. However, the statute is silent with respect to administrative regulations. It is a fundamental principle of evidence that not all which a judge knows or may be generally known is properly a subject of judicial notice. The trial judge undoubtedly was aware that there exist regulations promulgated by the Secretary of Revenue of the Commonwealth of Pennsylvania as to the meaning of highway markers. We, too, are aware that there are standard pavement markings for defining traffic lanes and no passing zones. Particularly, a double solid line indicates that traffic should not cross either side except to enter or leave driveways on the opposite side of the roadway.

However, nevertheless and notwithstanding this knowledge, the court concludes that the trial judge properly excluded the issue of the double yellow line insofar as it related to the issue of negligence from the case. It is to be recalled that this accident occurred on March 27, 1965, some three years ago. The regulation which may have been pertinent to the case was not properly pleaded in plaintiff's complaint and no citation of it was ever made. The reason for the trial judge's action with which we concur is best summarized in a note which appeared in the Harvard Law Review entitled "Judicial Notice of Administrative Regulations", 59 Harvard Law Review 1137, 1138. In that note, the author commented:

"Where a regulation is first brought to the attention of the court during the trial, there has been little

difficulty in dispensing with the need for its formal introduction into evidence. *However, where there are no readily accessible sources for determining what the regulation was at any one time, the courts, unwilling to be burdened with a difficult task of investigation, have refused to apply the doctrine of judicial notice.* A distinction based on the relative importance of the regulating body is often made. Thus, regulations of major federal and state administrative bodies have usually been judicially noticed, whereas proof has often been required of regulations of minor administrative agencies. *Such a distinction seems unsound, since the main consideration should be accessibility of proof.* . . . Even where the regulation is not readily accessible, judicial notice of it should be taken on request of a party giving sufficient information to enable the court to comply with the request and opposing counsel to meet it".

It was for these reasons that both plaintiff's and defendant's points for charge relating to the legal effect of the double yellow lines were denied, and the issue, in the absence of the lack of proper proof, not submitted to the jury, notwithstanding the citation of the Rupp Automobile License Case, 13 Bucks 150 (1964).

Defendant's point for charge no. 12 was refused, for again it asked the jury to completely disregard the center line markings. This again was erroneous, because the center line markings, even under the evidence presented, were relevant insofar as they related to the issue of the propriety of passing under section 1008(a) of The Vehicle Code of April 29, 1959, P. L. 58, inasmuch as it made clear that defendant was on the left-hand side of the highway in the act of passing when the accident occurred.

It is for these reasons that the court en banc finds no merit to the second contention raised by defendant in support of his motions. . . .